UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SPOKANE COUNTY DEPUTY SHERIFFS ASSOCIATION,<br><br>           Plaintiff,<br><br>           v.<br><br>STATE OF WASHINGTON DEPARTMENT OF EMPLOYMENT SECURITY, an Agency of the State of Washington, and SPOKANE COUNTY, a political subdivision of the State of Washington,<br><br>           Defendants. | NO. CV-05-0382-EFS<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS, DENYING AS MOOT OTHER PENDING MOTIONS, ENTERING JUDGMENT, AND CLOSING FILE** |

A hearing was held in the above-captioned matter on October 12, 2006. Plaintiff Spokane County Deputy Sheriffs Association ("the Association") was represented by Brian Werst. Holly Vance appeared on behalf of the Defendant State of Washington Department of Employment Security ("DES"); and Robert Binger appeared on behalf of Defendant Spokane County. Before the Court were several motions, including: (1) DES's Motion to Dismiss For Lack of Jurisdiction and, Alternatively, Motion for Judgment on the Pleadings (Ct. Rec. 18), (2) Spokane County's Motion to Dismiss for Lack of Jurisdiction and, Alternatively, Motion for Judgment on the Pleadings (Ct. Rec. 20), (3) the Association's Motion to

ORDER ~ 1

Compel Discovery and Testimony (Ct. Rec. 26), (4) the Association's Motion to Strike Defendant State's Response to Plaintiff's Motion to Compel and to Strike Defendant State's LR 56.1 Statement of Undisputed Facts (Ct. Rec. 48), and (5) the Association's Motion for Order to Shorten Time to Hear Plaintiff's Motion to Strike (Ct. Rec. 50). After reviewing the submitted materials and relevant authority and hearing oral argument, the Court was fully informed. This Order serves to supplement and memorialize the Court's oral dismissal of this lawsuit based on lack of jurisdiction.

**A. Defendants' Motions to Dismiss**

Defendants seek dismissal on the following grounds: (1) the Court lacks jurisdiction because (a) the Defendants have Eleventh Amendment immunity, (b) the Association failed to exhaust federal administrative remedies, (c) the suit is barred by the Declaratory Judgment Act and the Internal Revenue Code, and (d) Federal Rule of Civil Procedure 12(h)(2) because the Association lacks standing to sue; (2) the Association failed to join the federal government, an indispensable party; and (3) the Complaint does not state a claim upon which relief can be granted. The Association opposes the motions, contending that jurisdiction exists, the Association has standing to sue on behalf of the members, and the Complaint states a claim for relief.

**1. Jurisdiction**

a. <u>Standard</u>

Federal Rule of Civil Procedure 12(b)(1) provides that a suit should be dismissed for "lack of jurisdiction over the subject matter." The

ORDER ~ 2

Case 2:05-cv-00382-EFS    Document 58    Filed 10/19/06

jurisdiction of federal district courts and the courts of appeals are limited by the Constitution and "those subjects encompassed within a statutory grant of jurisdiction." *Ins. Corp. of Ireland, Ltd. v. Compangnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). The plaintiff bears the burden of proof for establishing jurisdiction. *Sopcak v. N. Mountain Helicopter Serv.,* 52 F.3d 817, 818 (9th Cir. 1995).

In order to determine whether the court has jurisdiction to hear a matter, the court is not limited to the plaintiff's allegations. *Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947); *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983) (quoting *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)); *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983). However, where the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits, the jurisdictional determination should await a determination of the relevant facts on either a motion going to the merits or at trial. *Augustine*, 704 F.2d at 1077 (citing *Thornhill*, 594 F.2d at 733-35).

Here, the Court need not consider facts outside of Plaintiff's Complaint in order to address the jurisdictional issues raised by Defendants. Furthermore, the Court determines the jurisdictional issue and substantive issues are not so intertwined that the Court must treat these motions to dismiss as motions for summary judgment.

///

///

ORDER ~ 3

b.  Background

In 1950, the federal Social Security Act was amended to allow states to enroll public employees not covered under a public retirement system in Old Age and Survivor's Disability Insurance (OASDI) coverage. (Complaint ¶ 3.2.)  The process by which states could participate in such a program was by entering into a section 218 agreement with the federal Social Security Administration. *Id.* ¶ 3.3.  Eligible public employees needed to be part of a coverage group, and this coverage group must ratify the section 218 agreement through a majority vote referendum. *Id.* ¶¶ 3.4 & 3.5.

In 1951, DES entered into a Section 218 Agreement with the federal Social Security Administration. *Id.* ¶ 3.6. Following, in 1954, Congress extended OASDI coverage to employees of a political subdivision in coverage groups, other than "policeman's and fireman's positions," who were covered under a public retirement system; soon thereafter, Washington modified its Section 218 Agreement to be consistent with this federal amendment. *Id.* ¶¶ 3.7 & 3.8.

In 1956, certain public employees in Spokane County conducted a referendum wherein a majority of such public employees authorized Spokane County to enter into a Section 218 Agreement; this included the Association, a labor organization for deputy sheriffs. *Id.* ¶¶ 3.9, 3.10, & 1.1.

Later in August 1956, Congress extended OASDI coverage to employees of a political subdivision who were in coverage groups of "policeman's or fireman's positions" and who were covered under a public retirement

ORDER ~ 4

system. *Id.* ¶ 3.11. On August 2, 1958, Washington's Section 218 Agreement was modified to allow a policeman's position or fireman's position to be subject to OASDI coverage if they were offered participation by the state or local government and the members of such coverage groups conducted a referendum and ratified participation in the plan. *Id.* ¶ 3.13. It is Plaintiff's argument that at no time after August 1958 did the members of the Association vote to authorize participation or receipt of OASDI coverage; however, notwithstanding this lack of vote, since 1956, members of the Association have had funds withheld from their earnings by Spokane County or made payments to Spokane County for OASDI coverage. *Id.* ¶¶ 3.14-.16.

On August 28, 2004, DES issued a letter stating that participation by the members of the Association in the OASDI system since 1956 was invalid. *Id.* ¶ 3.17. Later, this Determination was withdrawn, and on July 19, 2005, a letter was issued by DES that stated members of the Association are entitled to OASDI coverage. *Id.* ¶¶ 3.18 & 3.19.

    c.   <u>Eleventh Amendment</u>

Defendants argue the Court lacks jurisdiction because the lawsuit against them is barred by the Eleventh Amendment given that they have not waived their sovereign immunity for lawsuits seeking retroactive monetary reimbursement; the Association disagrees given the language of the Section 218 Agreement and RCW 41.48.030 and the working arrangement set up by such. The Eleventh Amendment prohibits actions against a state or state agency in federal court. *Edelman v. Jordan*, 415 U.S. 651, 663

ORDER ~ 5

(1974); *Clallam County v. Dep't of Transp.*, 849 F.2d 424, 426 (9th Cir. 1988).  Specifically, the Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.  However, this immunity is not absolute and can be waived if (1) the state expressly waives its immunity to suit in federal court, (2) Congress expresses its intent to abrogate the state's immunity, or (3) the act manifests a clear intent to condition a state's receipt of federal benefits on the state's waiver of its immunity. *Clallam County v. Dep't of Transp.*, 849 F.2d 424, 426-27 (9th Cir. 1988). "A waiver of immunity must be unequivocally expressed." *Pit River Home & Agric. Coop. Ass'n v. United States*, 30 F.3d 1088, 1100 (9th Cir. 1994).

The Court concludes waiver has not occurred.  First, there is nothing explicit within the wording of the Section 218 Agreement that states the State, or its agencies, waived their immunity to suit in federal court. (Ct. Rec. 25-5.)  Rather the Agreement simply memorializes that the State agreed to administer the collection of social security payments, while also agreeing to forward these amounts to the federal Secretary of the Treasury.  Similarly, such express language is missing in RCW 41.48.030, pursuant to which the Legislature gave the governor the authority to enter into an agreement with the federal government establishing the terms and provisions relating to social security benefits.

ORDER ~ 6

Second, the Court finds that Congress did not express an intent to abrogate the State's immunity. Section 404.1204 of title 20 of the Code of Federal Regulations does require each state, which enters into a Section 218 Agreement, to designate an official authorized to act on the state's behalf in administering the agreement. However, this regulation does not specify that a state is waiving its immunity if it enters into such an agreement.

Furthermore, the Court concludes the federal act allowing states to enroll public employees in OASDI coverage does not manifest a clear intent to condition the state's participation in such a program on a waiver of its immunity. The Court finds the cases cited by Plaintiffs are inapposite: *Doe v. Nebraska*, 345 F.3d 593 (8th Cir. 2003), and *Innes v. Kansas State University*, 184 F.3d 1275, 1283 (10th Cir. 1999). In *Doe*, the Eighth Circuit found the state waived its sovereign immunity by agreeing to receipt of funds under the Rehabilitation Act because 42 U.S.C. § 2000d-7 specifically stated that in order to accept federal funds the state was required to waive its Eleventh Amendment immunity to certain claims. 345 F.3d at 598. In *Innes*, there was an explicit agreement that the University would perform certain functions in federal bankruptcy court in the event of a discharge suit. 184 F.3d at 1283. Here, however, the Court finds nothing within the language of the Section 218 Agreement or applicable state or federal statutes or regulations that explicitly require the Defendants to waive their sovereign immunity. The Defendants' role as an administrator of the Section 218 Agreement and collector of the payments is insufficient to constitute an "explicit" waiver. *See Edelman v. Jordan*, 415 U.S. 651 (1974) ("The mere fact that

ORDER ~ 7

a State participates in a program through which the Federal Government provides assistance for the operation by the State of a system of public aid is not sufficient to establish consent on the part of the State to be sued in the federal courts." *Id.* at 673.

The Court also concludes the principles of *Clallam County v. Department of Transportation*, 849 F.2d 424, 427 (9th Cir. 1988), are not applicable given that the Association seeks more than prospective declaratory relief.  (Complaint p. 6-14.)  The Association seeks reimbursement for past OASDI payments; this is not prospective relief. Accordingly, if the Association amended its Complaint to only seek prospective relief, the Eleventh Amendment may not bar this suit. However, as the Court discusses below, the Association failed to exhaust administrative remedies and so no leave to amend need be given.

    d. <u>Exhaustion of Administrative Remedies</u>

Defendants also seek dismissal on the grounds that jurisdiction is lacking because the Association members did not seek relief from the Social Security Administration as required by 42 U.S.C. § 405(g), or file a claim for refund with the Internal Revenue Service, pursuant to 26 U.S.C. § 7422(a). Plaintiff responds that the Association members are not required to exhaust administrative remedies because they are not seeking judicial review of a decision regarding entitlement to benefits or the denial thereof, but rather the legal determination of whether the Association members should or should not be part of the OASDI system; a determination that is necessary before the Association and its members can seek a refund.

ORDER ~ 8

      *i. 42 U.SC. § 405(g)*

Within the Complaint, Plaintiff identified 28 U.S.C. § 1331, the federal question statute, as the statute upon which jurisdiction is based.  However, as Defendants highlight, a federal court cannot hear questions regarding the interpretation of the Social Security Act under the general federal statute.  *See Briggs v. Sullivan*, 886 F.2d 1132, 1138 (9th Cir. 1989).  Rather, the requirements of 42 U.S.C. § 405(g) must be satisfied.  Section 405(g) provides, in pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Courts have determined that this section creates two requirements: (1) a presentment requirement and (2) an exhaustion requirement.  The presentment requirement is jurisdictional and cannot be waived; therefore, a claim for benefits must have been presented to the Secretary.  *Briggs*, 886 F.2d at 1138.  The exhaustion requirement is not jurisdictional and can be waived when the following factors weigh in favor of waiving this requirement:  (1) the matter at issue is collateral to a substantive claim of entitlement (collaterality), (2) refusal to provide the relief requested will cause an injury which retroactive payments cannot remedy (irreparability), and (3) the purposes of exhaustion will not be served by delaying a decision on the matter at issue (futility).  *Id.*

ORDER ~ 9

There are a number of cases analyzing these factors. *See Johnson v. Shalala*, 2 F.3d 918, 921 (9th Cir. 1993); *Briggs*, 886 F.2d at 1139-40; *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975). The Court concludes analysis of such cases is not required here because it is undisputed that neither the Association nor the Association members have presented a claim for refund to the Secretary of the Treasury. The Association did reportedly ask the County to refund these moneys; however, the Social Security Act requires that the request for a refund by presented to the federal government. Because the presentment requirement is jurisdictional, it is unwaivable and therefore the Association must present a claim for benefits to the Secretary.[1]

### ii. 26 U.S.C. § 7422(a)

Plaintiff submits 26 U.S.C. § 7422(a) is inapplicable because 42 U.S.C. § 405(g) provides a more specific administrative scheme to social security benefits, application of the two statutes leads to inconsistent results, and the OASDI payments are not a tax. For the reasons below, the Court finds § 7422(a) is applicable. Section 7422(a) provides, in pertinent part:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully

---

[1] Although *RoAne v. Mathews*, 538 F.2d 852 (9th Cir. 1976), and *Baker v. Mathews*, 538 F.2d 855, 855-56 (9th Cir. 1976), are not directly on pint; these cases support a finding that the Association must first present a request for refund to the Secretary of Treasury.

ORDER ~ 10

collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

The Court concludes § 7422(a) and 42 U.SC. § 405(g) are consistent because both require a claimant to submit a refund claim to the Secretary of the Treasury and then appeal a denial of such to the Commissioner.

In addition, the Court finds the OASDI payments are "any sum" under § 7422(a), relying upon the Ninth Circuit's decision in *Brennan v. Southwest Airlines Co.*, 134 F.3d 1405, 1410 (9th Cir. 1997). The Association argues the OASDI payments were wrongfully collected; therefore, this action involves "any sum alleged to have been . . . in any manner wrongfully collected." 26 U.S.C. § 7422(a). As a result, these OASDI payments fit within the scope of § 7422(a) and a claim for refund must be filed with the Secretary before this action may commence. *See also Tumwater Police Officers' Guild v. Employment Sec. Dep't*, 102 Wash. App. 317, n.4 (2000).

**B.   Summary**

Given the Court's above findings that jurisdiction is lacking because sovereign immunity has not been waived and the Association failed to exhaust administrative remedies, the Court need not address Defendants' other arguments. In addition, the Court denies as moot Plaintiff's Motion to Compel Discovery and Testimony and Plaintiff's Motion to Strike Defendant State's Response to Plaintiff's Motion to Compel and to Strike Defendant State's LR 56.1 Statement of Undisputed Facts.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant State of Washington, Department of Employment Security's Motion to Dismiss For Lack of Jurisdiction and, Alternatively, Motion for Judgment on the Pleadings **(Ct. Rec. 18)** is **GRANTED**. This case is **DISMISSED**, and Judgment is to be entered in Defendant's favor.

2. Defendant Spokane County's Motion to Dismiss for Lack of Jurisdiction and, Alternatively, Motion for Judgment on the Pleadings **(Ct. Rec. 20)** is **GRANTED**, and Judgment is to be entered in Defendant's favor.

3. Plaintiff's Motion to Compel Discovery and Testimony **(Ct. Rec. 26)** is **DENIED AS MOOT**.

4. Plaintiff's Motion to Strike Defendant State's Response to Plaintiff's Motion to Compel and to Strike Defendant State's LR 56.1 Statement of Undisputed Facts **(Ct. Rec. 48)** is **DENIED AS MOOT**, but the related Motion for Order to Shorten Time to Hear Plaintiff's Motion to Strike **(Ct. Rec. 50)** is **GRANTED**.

6. All pending hearing/trial dates are **STRICKEN** and this file is to be **CLOSED**.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order and Judgment and provide copies to all counsel.

**DATED** this ___19th___ day of October 2006.

                                         S/ Edward F. Shea
                                           EDWARD F. SHEA
                               United States District Judge

Q:\Civil\2005\0382.dism.11thamdt.wpd

ORDER ~ 12